UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK A. RUST,<br><br>        Petitioner,<br><br>    v.<br><br>TIM PEREZ, Warden,<br><br>        Respondent. | NO. ED CV 15-696-PA(E)<br><br>ORDER OF DISMISSAL |

On April 3, 2015, Petitioner, a state prisoner, filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254" ("the Petition") in the United States District Court for the Southern District of California. On April 9, 2015, the United State District Court for the Southern District of California transferred the action to this Court. On July 22, 2015, the action was reassigned due to the retirement of Magistrate Judge Victor Kenton.

Petitioner's continuing detention in state prison is the product of Petitioner's 2000 conviction and sentence in Riverside Superior Court case No. RIF088687 (See Petition, p. 1; Attachment to Petition

(Abstract of Judgment)). Petitioner previously challenged this same conviction and sentence in a prior habeas corpus petition filed in this Court in 2004. See Rust v. Hall, ED CV 04-529-PA(VBK).[1] On January 26, 2007, this Court entered Judgment in Rust v. Hall, ED CV 04-529-PA(VBK), denying and dismissing the prior petition on the merits with prejudice.

While the petition in Rust v. Hall, ED CV 04-529-PA(VBK), was pending, Petitioner filed a new habeas corpus petition in this Court, attempting to challenge the same Riverside Superior Court conviction. See Rust v. Ollison, ED CV 06-576-PA(VBK). On April 17, 2007, the Court entered judgment in Rust v. Ollison, ED CV 06-576-PA(VBK), dismissing the new petition as second and successive, as well as untimely.

On September 14, 2009, the Ninth Circuit affirmed this Court's decision in Rust v. Hall, ED CV 04-529-PA(VBK), but reversed and remanded this Court's decision in Rust v. Ollison, ED CV 06-576-PA(VBK). As to the latter case, the Ninth Circuit found that this Court should have treated the second petition as a motion to amend the then pending first petition. See Rust v. Hall and Rust v. Ollison, 9th Cir. Case Nos. 07-55413 and 07-55697.

///
///

---

[1] The Court takes judicial notice of the dockets from this Court as well as dockets from the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

2

On July 20, 2011, the Magistrate Judge then assigned to Rust v. Ollison, ED CV 06-576-PA(VBK), issued a "Second Final" Report and Recommendation recommending that Petitioner's motion to amend be denied or, alternatively, that the second petition be denied as untimely, barred by Lackawanna Co. Dist. Attorney v. Coss, 532 U.S. 394, 403-06 (2001), and for failure to show actual innocence. On August 13, 2011, this Court adopted the Magistrate Judge's "Second Final" Report and Recommendation and entered judgment accordingly on August 17, 2011. On August 12, 2014, the Ninth Circuit affirmed this Court's 2011 judgment. See Rust v. Long, 9th Cir. Case No. 11-56562.

Meanwhile, in 2008, Petitioner filed another new habeas petition with this Court challenging the same Riverside Superior Court conviction and sentence. See Rust v. Dexter, CV 08-355-PA(VBK). On February 8, 2008, this Court entered Judgment dismissing the petition in Rust v. Dexter, CV 08-355-PA(VBK) as a second and successive petition.

The present Petition seeks again to challenge the same Riverside Superior Court sentence, claiming that the Superior Court erred in counting a prior conviction from 1985 as three separate strikes under California's Three Strikes Law.[2] See Petition, Ground One. The

---

[2] The Three Strikes Law consists of two nearly identical statutory schemes. The earlier provision, enacted by the Legislature, was passed as an urgency measure, and is codified as California Penal Code section 667(b) - (i) (eff. March 7, 1994). The later provision, an initiative statute, is embodied in California Penal Code section 1170.12 (eff. Nov. 9, 1994). See generally People v. Superior Court (Romero), 13 Cal. 4th 497, 504-05, 53 Cal. Rptr. 2d 789, 917 P.2d 628 (1996).

3

present Petition also seeks to challenge the Riverside Superior Court sentence based on a claim that counsel at sentencing was ineffective for failing to argue that the prior conviction should count as one strike, not three separate strikes. See Petition, Ground Two. The Petition seeks, inter alia, a reduction of Petitioner's sentence.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[3] Consequently,

---

[3] The Ninth Circuit's docket available on the PACER database does not show that any individual named Frank Rust has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.

4

1  this Court cannot entertain the present Petition.  See <u>Burton v.
2  Stewart</u>, 549 U.S. at 157; <u>Remsen v. Att'y Gen. of Calif.</u>, 471 Fed.
3  App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain
4  authorization from the Court of Appeals to file a second or successive
5  petition, "the district court lacks jurisdiction to consider the
6  petition and should dismiss it.") (citation omitted).

   For all of the foregoing reasons, the Petition is denied and
   dismissed without prejudice.

   LET JUDGMENT BE ENTERED ACCORDINGLY.

   DATED: _____July 30_____, 2015.

                                    _____
                                              PERCY ANDERSON
                                    UNITED STATES DISTRICT JUDGE


   PRESENTED this 28th day of
   July, 2015, by:

   _____
          CHARLES F. EICK
   UNITED STATES MAGISTRATE JUDGE